IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA GEISS | ) | CASE NO. |
| 6851 Lockwood Blvd. Apt 112 | ) | |
| Boardman OH 44512 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| THE SURGERY CENTER AT | ) | |
| SOUTHWOODS, LLC dba THE SURGICAL | ) | **JURY DEMAND ENDORSED** |
| HOSPITAL AT SOUTHWOODS | ) | **HEREIN** |
| c/o Angela Duskey | ) | |
| 100 Debartolol Place, Suite 300 | ) | |
| Youngstown, Ohio 44512 | ) | |
| | ) | |
| **Serve also:** | ) | |
| THE SURGICAL HOSPITAL AT | ) | |
| SOUTHWOODS | ) | |
| c/o The Surgery Center at | ) | |
| Southwoods, LLC | ) | |
| 7629 Market Street, Suite 200 | ) | |
| Youngstown, Ohio 44512 | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Laura Geiss, by and through undersigned counsel, as her Complaint against Defendant,

states and avers the following:

**PARTIES, JURISDICTION, & VENUE**

1.  Geiss is a resident of the city of Boardman, county of Mahoning, state of Ohio.

2.  The Surgery Center at Southwoods, LLC, dba The Surgical Hospital at Southwoods

    ("Southwoods") is a domestic corporation with its principal place of business located at 7630

    Southern Boulevard, Youngstown, Ohio 44512.

3. Southwoods was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.02.

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Geiss is alleging a Federal Law Claim under the Civil Rights Act of 1964, 42 U.S.C. 2000e-2, The Americans with Disabilities Act ("ADA") 42 U.S.C. 126 § 12101 *et seq*.

5. All material events alleged in this Complaint occurred in Mahoning County.

6. This Court has supplemental jurisdiction over Geiss's state law claims pursuant to 28 U.S.C. § 1367 as Geiss's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. Within 300 days of the conduct alleged below, Geiss dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2022-00300 and the Ohio Civil Rights Commission ("OCRC"), against Southwoods operating at 7630 Southern Boulevard, Youngstown, Ohio 44512.

9. Geiss's Notification and Acknowledgement of Dual-Filed Charge has been attached hereto as Plaintiff's Exhibit A.

10. On May 19, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Geiss regarding the Charges of Discrimination brought by Geiss against Southwoods in EEOC Agency Charge No. 532-2022-00300.

11. Geiss received her right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit B.

12. Geiss has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13.   Geiss has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

14.   Geiss is a former employee of Southwoods.

15.   Southwoods employed Geiss as a Registered Nurse on or about October 2, 2020.

16.   Geiss's duties as a Registered Nurse at Southwoods required her to stand for long periods of time, walk for long periods of time, lift various weighted objects, and assist patients as needed.

17.   On or about March 18, 2021, Geiss's daughter died.

18.   Geiss requested and was granted bereavement leave.

19.   Geiss was scheduled to return to work from bereavement leave on or about March 29, 2021.

20.   On or about March 19, 2021, Geiss suffered a back injury.

21.   Despite Geiss's injured back, Geiss returned to work as scheduled on March 29, 2021.

22.   Upon her return to work, Geiss experienced pain related to her back injury while walking, lifting, and caring for patients.

23.   On or about March 31, 2021, Geiss was diagnosed with a herniated disk.

24.   A herniated disk causes weakness, pain in the back, legs, or arms, numbness or tingling, and difficulty walking and lifting.

25.   Geiss's back injury substantially impaired one or more of her major life activities, such as walking and working.

26.   As a result of suffering from a back injury, Geiss is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

27. As a result of suffering from a back injury, Geiss is and was considered disabled within the meaning of the ADA 42 U.S.C. 126 § 12101 *et seq.*

28. In the alternative, Southwoods perceived Geiss as being disabled.

29. In the alternative, the Southwoods perceived that Geiss's medical condition constituted a physical impairment.

30. In the alternative, Southwoods perceived Geiss's disability to substantially impair one or more of her major life activities, including walking and working.

31. Despite this actual or perceived disabling condition, Geiss was still able to perform the essential functions of her job.

32. Geiss disclosed her back injury and her trouble walking, lifting, and caring for patients to her supervisor, Jennifer Capezzuto.

33. At all times relevant herein, Capezutto was Geiss's supervisor.

34. Geiss's doctor recommended that Geiss take a week off work to heal her back injury.

35. Geiss did not take a week off work as recommended by her doctor because she was afraid Southwoods would terminate her employment due to her injury.

36. Geiss continued working until the pain from her back injury became severe on or about April 5, 2021.

37. On or about April 5, 2021, Geiss went to her primary care physician for another examination.

38. Geiss's doctor provided Geiss with a note for Geiss to stay home from work until April 9, 2021.

39. Geiss contacted Capezzuto to request time off work based on Geiss's doctor's recommendation.

40. Geiss's doctor also instructed Geiss to undergo an MRI for her back injury.

41.   On or around April 7, 2021, Geiss attempted to undergo the MRI procedure recommended by her doctor but was unable to do so because her insurance company had not yet authorized the procedure.

42.   Geiss's Orthopedist instructed Geiss to remain at home until the MRI could be completed.

43.   Geiss again contacted her supervisor, Capezzuto, to disclose her Orthopedist's recommendation to take off work until Geiss could get the MRI.

44.   On or about April 19, 2021, Geiss underwent the MRI procedure.

45.   Geiss returned to her Orthopedist on or around April 28, 2021, to discuss the results of the MRI.

46.   Geiss's MRI results showed significant damage to Geiss's spine.

47.    Based on Geiss's MRI, the Orthopedist instructed Geiss not return to work until June 28, 2021.

48.   Based on Geiss's MRI, the Orthopedist instructed Geiss to undergo treatment including injections and physical therapy.

49.   Geiss provided her Orthopedists instructions to Capezzuto.

50.   Capezzuto confirmed to Geiss in a text message that she received the Orthopedists instructions.

51.   Geiss reached out to Capezutto after her appointment with the Orthopedist to discuss medical leave.

52.   Capezzuto told Geiss that Geiss was not eligible for FMLA leave.

53.   Geiss asked Capezutto for instructions to take short term disability leave.

54.   Capezzuto instructed Geiss to contact Human Resources to discuss short term disability leave.

55. Capezzuto did not engage Geiss in an interactive discussion with Geiss regarding a reasonable accommodation for Geiss.

56. Capezutto scheduled Geiss for a meeting with Capezutto and Melissa Watson for May 5, 2021 to discuss Geiss's leave.

57. Geiss contacted Human Resources immediately after meeting with Capezzuto to apply for short term disability leave.

58. Geiss was unable to reach Human Resources and left a voicemail.

59. On or around May 4, 2021, Human Resources provided Geiss with the necessary paperwork to apply for short term disability leave.

60. Southwoods Human Resources did not engage in an interactive discussion with Geiss to discuss a reasonable accommodation for Geiss.

61. One day later, on May 5, 2021, Southwoods terminated Geiss's employment.

62. Upon information and belief, Southwoods has a progressive discipline policy.

63. Upon information and belief, Southwoods uses its progressive discipline policy when it disciplines non-disabled employees.

64. Upon information and belief, Southwoods uses its progressive discipline policy when it disciplines employees it does not perceive to be disabled.

65. Southwoods violated its own progressive discipline policy when it terminated Geiss's employment because of her disability.

66. Southwoods violated its own progressive discipline policy when it terminated Geiss's employment because of her perceived disability.

67. The above facts demonstrate that Southwoods engaged in a pattern and practice of unlawful discrimination.

68. The above facts demonstrate that Southwoods engaged in a pattern and practice of unlawful retaliation.

**COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA**

69. Geiss restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

70. Geiss has one or more physical impairments that significantly limit her in one or more major life activities, including working.

71. Geiss has a record of physical impairments

72. Geiss suffers from a herniated disk.

73. Geiss is disabled pursuant to 42 U.S.C. §12102.

74. Southwoods perceived Geiss as being disabled based on the conditions she suffered from.

75. Despite this actual or perceived disability, Geiss was still able to perform all essential functions of her job.

76. Southwoods treated Geiss differently than other similarly situated employees based on her disabling condition.

77. Southwoods treated Geiss differently than other similarly situated employees based on her perceived disabling condition.

78. On or around May 5, 2021, Southwoods terminated Geiss's employment without just cause.

79. Southwoods suspended Geiss based on her perceived disability.

80. Southwoods terminated Geiss's employment based on her disability.

81. Southwoods terminated Geiss's employment based on her perceived disability.

82. Southwoods violated 42 U.S.C. §12112(a) when it discharged Geiss based on her disability.

83. Southwoods violated 42 U.S.C. §12112(a) when it discharged Geiss based on her perceived disability.

84. Southwoods violated 42 U.S.C. §12112(a) when it suspended Geiss based on her disability.

85. Southwoods violated 42 U.S.C. §12112(a) when it suspended Geiss based on her perceived disability.

86. Southwoods violated 42 U.S.C. §12112(a) by discriminating against Geiss based on her disabling condition.

87. Southwoods violated 42 U.S.C. §12112(a) by discriminating against Geiss based on her perceived disabling condition.

88. As a direct and proximate result of Southwoods' conduct, Geiss suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C § 4112.01 *et seq.*

89. Geiss restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

90. Geiss suffers from a herniated disk.

91. Geiss is disabled.

92. In the alternative, Southwoods perceived Geiss as being disabled.

93. Geiss's condition constituted a physical impairment.

94. Geiss's condition substantially impaired one or more of her major life activities including working.

95. Southwoods perceived Geiss's condition to substantially impair one or more of her major life activities including working.

96. Southwoods treated Geiss differently than other similarly situated employees based on her disabling condition.

97. Southwoods treated Geiss differently than other similarly situated employees based on her perceived disabling condition.

98. On or about May 5, 2021, Southwoods terminated Geiss's employment without just cause.

99. Southwoods terminated Geiss's employment based her disability.

100. Southwoods terminated Geiss's employment based her perceived disability.

101. Southwoods violated R.C. § 4112.01 *et seq*. when it discharged Geiss based on her disability.

102. Southwoods violated R.C. § 4112.01 *et seq*. when it discharged Geiss based on her perceived disability.

103. Southwoods violated R.C. § 4112.01 *et seq*. by discriminating against Geiss based on her disabling condition.

104. Southwoods violated R.C. § 4112.01 *et seq*.by discriminating against Geiss based on her perceived disabling condition.

105. Geiss requested accommodations from Southwoods to assist with her disabilities including time off work and short-term disability leave.

106. Geiss's requested accommodations were reasonable.

107. There was an accommodation available that would have been effective and would have not posed an undue hardship to Southwoods.

108. Southwoods failed to engage in the interactive process of determining whether Geiss needed an accommodation.

109. Southwoods failed to provide an accommodation.

110. Southwoods violated R.C. § 4112.01 *et seq.* by failing to provide Geiss a reasonable accommodation.

111. Geiss suffered emotional distress as a result of Southwoods' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

112. As a direct and proximate result of Southwoods' conduct, Geiss suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT III:  FAILURE TO ACCOMMODATE UNDER THE ADA

113. Geiss restates each and every prior paragraph of this complaint, as if it were fully restated herein.

114. Geiss informed Southwoods of her disabling condition.

115. Geiss requested accommodations from Southwoods to assist with her disabilities including utilization of short-term disability and time off work.

116. Geiss's requested accommodations were reasonable.

117. There was an accommodation available that would have been effective and would have not posed an undue hardship to Southwoods.

118. Southwoods failed to engage in the interactive process of determining whether Geiss needed an accommodation.

119. Southwoods failed to provide an accommodation.

120. Southwoods violated The Americans with Disabilities Act (ADA) 42 U.S.C. 126 § 12101 *et seq.*

121. As a direct and proximate result of Southwoods' conduct, Geiss suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT IV:  FAILURE TO ACCOMMODATE UNDER R.C. § 4112.01 *et seq*.

122. Geiss restates each and every prior paragraph of this complaint, as if it were fully restated herein.

123. Geiss informed Southwoods of her disabling condition.

124. Geiss requested accommodations from Southwoods to assist with her disabilities including utilizing short-term disability and time off work.

125. Geiss's requested accommodations were reasonable.

126. There was an accommodation available that would have been effective and would have not posed an undue hardship to Southwoods.

127. Southwoods failed to engage in the interactive process of determining whether Geiss needed an accommodation.

128. Southwoods failed to provide an accommodation.

129. Southwoods violated R.C. §4112.02 by failing to provide Geiss a reasonable accommodation.

130. Geiss suffered emotional distress as a result of Southwoods' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

131. As a direct and proximate result of Southwoods' conduct, Geiss suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT V:  RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e-2

132. Geiss restates each and every prior paragraph of this complaint, as if it were fully restated herein.

133. As a result of the Southwoods' discriminatory conduct described above, Geiss complained about the disability discrimination she was experiencing.

134. Subsequent to Geiss's request for short-term disability leave and other accommodations based on her disability, Southwoods terminated Geiss's employment.

135. Southwoods' actions were retaliatory in nature based on Geiss's opposition to unlawful discriminatory conduct.

136. Southwoods retaliated against Geiss for requesting accommodations based on her disabilities.

137. Geiss suffered emotional distress as a result of Southwoods conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. § 2000e-2 *et seq*.

138. As a direct and proximate result of Southwoods' retaliatory discrimination against and termination of Geiss, she suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VI: RETALIATION IN VIOLATION OF R.C. 4112.01

139. Geiss restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

140. As a result of Southwoods' discriminatory conduct described above, Geiss complained to Southwoods about the disability discrimination that she was experiencing.

141. Subsequent to Geiss's request for short-term disability leave and other accommodations based on her disability, Southwoods terminated Geiss's employment.

142. Southwoods' actions were retaliatory in nature based on Geiss 's opposition to unlawful discriminatory conduct.

143. Southwoods retaliated against Geiss for requesting accommodations based on her disabilities.

144. Pursuant to R.C. § 4112.02 (I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

145. Geiss suffered emotional distress as a result of Southwoods' conduct, and is entitled to emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

146. As a direct and proximate result of Southwoods' retaliatory discrimination against and termination of Geiss, she suffered and will continue to suffer damages, including economic damages and emotional distress.

## DEMAND FOR RELIEF

WHEREFORE, Geiss respectfully requests this Court grant the following:

(a) An order requiring Southwoods to restore Geiss to one of the positions to which she was entitled by virtue of her application and qualifications and expunge her personnel file of all negative documentation.

(b) An award against Southwoods of compensatory and monetary damages to compensate Geiss for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Southwoods in an amount in excess of $25,000;

(d) An award of reasonable attorney's fees and non-taxable costs for Geiss's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/Fred M. Bean
Fred M. Bean (0086756)
David E. Byrnes (0086975)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email:  Fred.Bean@spitzlawfirm.com
            David.Byrnes@spitzlawfirm.com

*Attorneys For Plaintiff Laura Geiss*

## JURY DEMAND

Plaintiff Laura Geiss demands a trial by jury by the maximum number of jurors permitted.

/s/Fred M. Bean
Fred M. Bean (0086756)
David E. Byrnes (0086975)
**SPITZ, THE EMPLOYEE'S LAW FIRM**

*Attorneys For Plaintiff Laura Geiss*